IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREA M. LOPEZ, Individually and as Next Friend of A.L., V.L., and L.L., Minors, | § § § § | |
| Plaintiff, | § | No. 3:16-cv-2755-G-BN |
| | § | |
| V. | § § | |
| WARREN TRANSPORT, INC. and SEDZAD ELKAZ, | § § § | |
| Defendants. | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>[1]

All discovery matters in this case have been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. See Dkt. No. 8.

Defendants Warren Transport, Inc. and Sedzad Elkaz (collectively, "Defendants") have filed a Motion to Limit Discovery and Request for Protective Order and Motion to Extend Time. *See* Dkt. No. 25 (the "MPO"). After the Court required the parties to confer and file a joint status report to comply with the requirements of the Court's Standing Order on Discovery [Dkt. No. 11], Plaintiffs Andrea M. Lopez,

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Individually, and as Next Friend of A.L., V.L., and L.L., Minors ("Plaintiffs"), and Defendants filed a Joint Status Report Regarding Defendants Warren Transport, Inc. and Sedzad Elkaz's Motion to Limit Discovery and Request for Protective Order and Motion to Extend Time, *see* Dkt. No. 28 (the "JSR"), and then an Amended Joint Status Report Regarding Defendants Warren Transport, Inc. and Sedzad Elkaz's Motion to Limit Discovery and Request for Protective Order and Motion to Extend Time, *see* Dkt. No. 29 (the "Amended JSR"). They reported that the parties were able to narrow down Plaintiffs' original requests for production to each of the Defendants to 49 requests but that the parties still disagree on the relevance and scope of Request Nos. 4, 8, 15, 19, 24, 28, 29, 30, 31, 32, 33, 34, 35, 38, 39, 42, 43, 46, and 48 of those amended requests.

The Court held oral argument on the MPO on February 9, 2017. *See* Dkt. No. 32.

The Court heard oral argument on the MTC on January 18, 2017. *See* Dkt. No. 173. Based on the JSR, the Amended JSR, and the discussion with and arguments of counsel at oral argument, the Court now GRANTS in part and DENIES in part Defendants' MPO to the extent and for the reasons explained below.

## Legal Standards

"Unless otherwise limited by court order, ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1); *accord Booth v. City of Dallas*, 312 F.R.D. 427, 433 (N.D. Tex. 2015).

In response to a Federal Rule of Civil Procedure 34 request for production or inspection, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). General or boilerplate objections are invalid, and "[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. Amended Federal Rule of Civil Procedure 34(b)(2) effectively codifies this requirement, at least in part: 'An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.'" *OrchestrateHR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016) (citing *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014); quoting FED. R. CIV. P. 34(b)(2)(C)), *objections overruled*, No. 3:13-cv-2110-KS, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

In sum, "[a] party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and

affirmatively explain whether any responsive information or documents have been withheld." *Heller*, 303 F.R.D. at 485.

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). "Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490.

And the Court has previously explained that "responding to interrogatories and documents requests 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure"; "this manner of responding to a document request or interrogatory leaves the requesting party guessing and wondering as to the scope of the documents or information that will be provided as responsive will be"; "outside of the privilege and work product context..., responding to a document request or interrogatory 'subject to' and 'without waiving' objections is not consistent with the Federal Rules or warranted by existing law or by a nonfrivolous argument for

extending, modifying, or reversing existing law or for establishing new law"; "a responding party has a duty to respond to or answer a discovery request to the extent that it is not objectionable" and "must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why"; "if the request is truly objectionable – that is, the information or documents sought are not properly discoverable under the Federal Rules – the responding party should stand on an objection so far as it goes"; and, "as a general matter, if an objection does not preclude or prevent a response or answer, at least in part, the objection is improper and should not be made." *Carr v. State Farm Mutual Automobile Insurance Company*, 312 F.R.D. 459, 470 (N.D. Tex. 2015) (quoting *Heller*, 303 F.R.D. at 487-88 (internal quotation marks omitted)).

Further, "as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989). "If a party fails to timely respond in writing after being served with a request for production of documents, it is appropriate for the Court to find that the party's objections are waived, unless the court finds good cause and excuses th at failure." *Richmond v. SW Closeouts, Inc.*, No. 3:14-cv-4298-K, 2016 WL 3090672, at *5 (N.D. Tex. June 2, 2016); *accord Henderson v. Union Pac. R.R. Co.*, No. CV 15-0669, 2016 WL 5936889, at *2 (W.D. La. Oct. 11, 2016) ("Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34." (Citing *In re United States*, 864 F.2d at 1156)). And, even where the responding party has

timely served some objections, this waiver extends to any grounds not stated in a timely objection. *See* FED. R. CIV. P. 34(b)(2)(B); *cf.* FED. R. CIV. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

A party who has objected to a discovery request then must, in response to a motion to compel or in support of a motion for protective order, urge and argue in support of its objection to a request, and, if it does not, it waives the objection. *See OrchestrateHR*, 178 F. Supp. 3d at 507 (citing *Dolquist v. Heartland Presbytery*, 221 F.R.D. 564, 568 (D. Kan. 2004); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999)).

Federal Rules of Civil Procedure Rules 26(b), 26(c), and 34 have been amended, effective December 1, 2015. As amended effective December 1, 2015, Federal Rule of Civil Procedure 26(c)(1) authorizes protective orders, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed

-6-

or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." FED. R. CIV. P. 26(c)(1).

"[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). And the United States Court of Appeals for the Fifth Circuit recently explained that "[t]he federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule. Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party. Courts also weigh relevant public interests in this analysis." *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (footnotes and internal quotation marks omitted); *see also id.* at 564 ("Rule 26(d) gives [the] court wide discretion to craft flexible and nuanced terms of discovery." (footnote omitted)).

The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

For the reasons that the Court has previously explained, the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr*, 312 F.R.D. at 463-69. Rather, just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). Thus, as amended, Rule 26(b)(2)(C) provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Federal Rule of Civil Procedure 26(b) by coming forward with specific information to address – insofar as that information is available to it – the

importance of the issues at stake in the action, the amount in controversy, the parties'
relative access to relevant information, the parties' resources, the importance of the
discovery in resolving the issues, and whether the burden or expense of the proposed
discovery outweighs its likely benefit.

The party seeking discovery, to prevail on a motion to compel, may well need to
make its own showing of many or all of the proportionality factors, including the
importance of the issues at stake in the action, the amount in controversy, the parties'
relative access to relevant information, the parties' resources, and the importance of
the discovery in resolving the issues, in opposition to the resisting party's showing.

And the party seeking discovery is required to comply with Rule 26(b)(1)'s
proportionality limits on discovery requests; that party is also subject to Federal Rule
of Civil Procedure 26(g)(1)'s requirement to certify "that to the best of the person's
knowledge, information, and belief formed after a reasonable inquiry: ... (B) with
respect to a discovery request..., it is: (i) consistent with these rules and warranted by
existing law or by a nonfrivolous argument for extending, modifying, or reversing
existing law, or for establishing new law; (ii) not interposed for any improper purpose,
such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
and (iii) neither unreasonable nor unduly burdensome or expensive, considering the
needs of the case, prior discovery in the case, the amount in controversy, and the
importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f
a certification violates this rule without substantial justification." FED. R. CIV. P.
26(g)(1)(B), 26(g)(3); *see generally Heller*, 303 F.R.D. at 475-77, 493-95.

But the amendments to Rule 26(b) do not alter the basic allocation of the burden on the party resisting discovery to – in order to successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

Federal Rule of Civil Procedure 26(c)(3) provides that, in connection with a motion under Rule 26(c) for a protective order, Federal Rule of Civil Procedure "37(a)(5) applies to the award of expenses." FED. R. CIV. P. 26(c)(3).

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

Federal Rule of Civil Procedure 37(a)(5)(B)-(C) further provides in pertinent part that, "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the

movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C).

### Analysis

I.    Request No. 8

Counsel reported at oral argument that Defendants agrees to produce all documents responsive to Request No. 8.

II.    Request Nos. 24 and 35

In response to Request No. 35, counsel reported at oral argument that Defendants will produce Mr. Elkaz's complete driver qualification file and that this will satisfy Plaintiffs' request. As to Request No. 24, the Court ORDERS, as the parties agreed, that Defendants must produce all documents responsive to this request.

III.    Request Nos. 42 and 43

Because Defendants will stipulate to the information sought through Request No. 42 and because Defendants' counsel reports that there is no ECM download in this matter, counsel reported at oral argument that Plaintiff is not further pursuing discovery of documents under Request Nos. 42 and 43, subject to Plaintiff's right to seek the Court's intervention on these matters should it later become necessary.

IV.    Request No. 4

At oral argument, Defendants' counsel acknowledged that a marshaling-the-evidence objection is not well-taken as to Request No. 4. But the Court further rejects counsel's objection, raised for the first time at oral argument, that a defendant motor carrier should not be required to produce in discovery an accident evaluator's initial observations or opinions because it would have a chilling effect on truthful and complete investigation reports. Even if Defendants were invoking a recognized privilege – and the Court finds that they are not and that the closest analogue that counsel identified (the prohibition on admitting evidence of subsequent remedial measures) is not a good fit – Defendants have waived the objection and, even if it were not waived, have failed to present any evidence in support of the objection or claim of privilege. Accordingly, Defendants are required to produce all documents responsive to Request No. 4, which, as Plaintiffs' counsel explained, is narrowly drawn to avoid asking for materials made or created after Defendants received notice of the claim at issue in this case.

V.    Request No. 48

After some discussion at oral argument, Defendants' counsel agreed to produce documents responsive to Request No. 48 as to any policy that Warren Transport, Inc. has concerning driver safety or competence or qualification to drive as well as any review of Mr. Elkaz's compliance with regulations governing those matters. The Court finds that this is the appropriate scope of discovery under Rule 26(b)(1) on this request

and ORDERS that Defendants are required to produce those documents but no more in response to Request No. 48.

VI.   Request Nos. 15, 19, 28, 29, 30, 31, 32, 33, 34, 38, 39, and 46

Finally, the parties disagree as to whether Defendants should be required to produce documents from six months prior to and one month after the June 20, 2016 accident in response to Request Nos. 15, 19, 28, 29, 30, 31, 32, 33, 34, 38, 39, and 46.

At oral argument, Plaintiffs' counsel admitted that he did not need documents from one month after the accident, and so the Court will grant Defendants a protective order from discovery on these requests for that time period.

Part of Defendants' objections address the fact that Plaintiffs have not pleaded anything as to the condition of the truck as a cause of the accident. *See* Dkt. No. 1-2. That is correct, and the Court will grant Defendants a protective order from any discovery in response to Request No. 31.

As for Request Nos. 15, 19, 28, 29, 30, 32, 33, 34, 38, 39, and 46, based on the discussion with counsel at oral argument, the Court finds that these request seek discovery that is relevant to Plaintiffs' claims as pleaded – whatever Defendants think about their chances of success based on, among other things, the Italy Police Department's accident report. *See* Dkt. No. 1-2 at 7-10 of 20; *Heller*, 303 F.R.D. at 489 (citing *Third Pentacle, LLC v. Interactive Life Forms, LLC*, No. 3:10cv00238, 2012 WL 27473, at *3 (S.D. Ohio Jan. 5, 2012) (even if a party "presently holds a strong belief in the merits of [the party's] litigation positions, [the party's] strong belief – whether

ultimately justified or not – provides no basis for avoiding [the party's] discovery obligations created by the Federal Rules of Civil Procedure")).

But discovery of documents from a full six months prior to the accident – which Plaintiffs seek based primarily on the fact that this period matches the period for which federal regulations require motor carriers and drivers to keep records – is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues and the importance of those issues. The fact that information from that period is required to be kept by Defendants does not dictate otherwise.

Rather, although Defendants offer to produce documents from a period starting sixteen days prior to the accident, the Court determines that Defendants must produce documents responsive to Request Nos. 15, 19, 28, 29, 30, 32, 33, 34, 38, 39, and 46 for a period dating from 90 days prior to the June 20, 2016 accident. The Court finds that this discovery is proportional to the needs of the case, considering the importance of the issues at stake and this information's importance to resolving those issues, the amount in controversy (as pleaded based on Plaintiffs' alleged injuries), the parties' resources and relative access to this relevant information, and the lack of any assertion or showing that the burden or expense of the proposed discovery outweighs its likely benefit.

VII.   <u>Award of expenses</u>

Considering all of the circumstances here and the Court's rulings above, the parties will bear their own expenses, including attorneys' fees, in connection with

Defendants' Motion to Limit Discovery and Request for Protective Order and Motion to Extend Time [Dkt. No. 25].

### Conclusion

The Court GRANTS in part and DENIES in part Defendants' Motion to Limit Discovery and Request for Protective Order and Motion to Extend Time [Dkt. No. 25] to the extent and for the reasons explained above. Defendants must produce all responsive documents as required above or as agreed between the parties by **February 24, 2017**.

SO ORDERED.

DATED: February 10, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE